UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL ALAN GRAHAM,

                Plaintiff,

-vs-                                               Case No.  2:08-cv-616-FtM-29SPC

STATE OF FLORIDA, DEPARTMENT OF
CHILDREN & FAMILIES,

                Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff Daniel Alan Graham's Affidavit of Indigency Construed by the Court as a Motion to Proceed *In Forma Pauperus* (Doc. #13) filed on September 2, 2008.

## FACTS

Plaintiff filed a Complaint against the State of Florida and the Florida Department of Children and Families (Doc. # 1) on August 1, 2008.  In the Complaint the Plaintiff alleges that the Florida Department of Children and Families (DCF) tricked him in state court with an injunction and took advantage of a financial loss to take away his two sons.  From what the Court could glean from the Complaint and Affidavit of Indigency, the Plaintiff and his wife are divorced and the Plaintiff lost custody of his children during the related action in state court.  The Plaintiff also alleges the State of Florida tricked him because the State informed him the child custody issues would be handled by court order in the mediation settlement agreement from his divorce.

The Plaintiff further states that his ex-wife is a bad mother, has abused the youngest child, failed state ordered drug screens, came to court intoxicated, has been arrested for domestic violence, has lost jobs due to her drinking problem, and made vulgar phone calls and left derogatory messages on his voice mail. The Plaintiff asserts that his former spouse has now fled the State of Florida without leaving a forwarding address to avoid the consequences of her improper behavior. The Plaintiff, therefore, brought this suit in Federal Court alleging that DCF and the State of Florida were negligent in granting custody to their mother.

## DISCUSSION

The Plaintiff seeks to proceed *in forma pauperis* under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..." Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint in its entirety to determine whether an action should proceed based on the validity of the claim. The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) with a less stringent standard than those Complaints written by attorneys. Trawinski vs. United Technologies, 313 F.3d 1295 (11th Cir., 2002).

Initially, the Plaintiff's affidavit reveals that he has sufficient resources to conduct the litigation, therefore, the Plaintiff should not be permitted to proceed *in forma pauperis* (IFP) in this action. The Plaintiff states he earns $3,520.00 per month and pays only $330.00 per month in rent and owes his mother $5,500.00 which he pays what he can and he owes $1,500.00 on trailer home.

In regard to the issue of subject matter jurisdiction, Federal Courts are courts of limited jurisdiction. As the United States Supreme Court noted in Rooker v Fidelity Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923), district courts only possess original jurisdiction. Thus, the United States Supreme Court is the only federal court that can hear an appeal of a state court judgment. Id. This holding was later re-affirmed in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). In Feldman, the Court concluded that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings[,] [as review] of such judgments may be had only in this Court." Id. at 482. Thus, it found that when the allegations in the complaint are inextricably intertwined with a state court judgement, the district court has no jurisdiction to hear the claims. Id. at 486-487. However, a district court may review a general constitutional challenge. Id. at 483.

As a result of these two cases, federal courts recognize the Rooker-Feldman doctrine, which prohibits a district court from hearing "certain matters related to previous state court litigation." Goodman ex rel Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). The doctrine "is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court. Id. at 1333. In order to determine whether the Rooker-Feldman doctrine applies, the Court must look to the following criteria: "(1) the party in federal court is the same as the party in the state court; (2)

the Prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court judgments. Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n. 1 (11th Cir. 2003) (quoting Amos v. Glynn County Board of Tax Assessors, 347 F. 3d 1249, 1265 (11th Cir. 2003)). The Eleventh Circuit has further defined the "inextricably intertwined" requirement as the situation when a "federal claim succeeds only to the extent that the state court wrongly decided the issues before." Goodman ex rel Goodman v. Sipos, 259 F.3d at 1332 (quoting Siegel v LePore, 234 F.3d 1163, 1172 (11th Cir. 2000)(en banc)).

This Court cannot under the Rooker-Feldman Doctrine interfere with the State Court's injunction unless the injunction violates the United States Constitution. Here, the Plaintiff makes no federal claims nor any claims regarding constitutional violations which would establish the jurisdiction of this Court. The Plaintiff is suing the Florida Department of Children and Families (DCF) for "negligence and assisted kidnapping of [his] two children." (Doc.# 13, p.1). As best the Court can tell from the Plaintiff's Complaint and Affidavit, he lost custody of his children to his wife after they divorced. The Plaintiff asserts the State of Florida "tricked" him in court with an injunction and misled him to believe that it would have no effect on his children. The Court does not have jurisdiction when the plaintiff's claims necessarily result in a re-examination of the state court decision. Cooper-Jolly v. Lyttle, 3 F. Supp. 2d 1446, 1448 (N.D. Ga. 1998). Thus, it is respectfully recommended that the Motion for IFP should be denied and the case dismissed.

In addition to the Court's lack of jurisdiction under Rooker-Feldman, there is a domestic relations exception that bars most domestic cases from being brought in federal court under diversity

-4-

jurisdiction.  Federal courts have "customarily declined to intervene [in] the realm of domestic relations." <u>Farley v. Farley</u>, 2007 WL 2433901 * 2 (M.D.Fla. August 22, 2007) (citing <u>Elk Grove Unified School Distict v. Newdow</u>, 542 U.S. 1, 12, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004)).  Indeed, the Supreme Court has observed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." <u>Id.</u> (quoting <u>In re Burrus</u>, 136 U.S. 586, 593-94, 10 S.Ct. 850, 34 L.Ed. 500 (1890)).  Here, the Plaintiff seeks to have this Court insert itself firmly into the realm of domestic relations by, among other things, declaring "void and vacated" a state court order that gave custody of his children to his former spouse which was apparently enforced by DCF.  It is clear that the purpose of the Plaintiff's pleading is to have this Court intervene into state court divorce and child custody proceedings.  Based upon the holding of the United States Supreme Court in <u>Newdow</u> and the related decisions of the courts in the Middle District, it is clear this Court has no jurisdiction to insert itself into state court domestic issues.

Finally, the Defendant seeks to sue DCF in Tallahassee, Florida, while the Defendant resides in the State of Wisconsin.  Therefore, the Compliant should have been brought in the United States District Court for the Northern District of Florida rather than in this Court which is located in the Middle District of Florida.

**<u>CONCLUSION</u>**

After a review of the Plaintiff's Complaint and his Affidavit of Indigency the Court respectfully recommends that his Motion for IFP should be denied and further the case should be dismissed for lack of jurisdiction.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Daniel Alan Graham's Affidavit of Indigency Constured by the Court as a Motion to Proceed *In Forma Pauperus* (Doc. #13) should be **DENIED**. It is further **Respectfully Recommended** that the Case be **DISMISSED** for lack of Jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___12th___ day of September, 2008.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record